## THE UNITED STATES *v.* RIDDLE.

---

ERROR to the circuit court of the district of Columbia, which had affirmed the sentence of the district court restoring certain cases of merchandise which had been seized by the collector of Alexandria, under the 66*th section of the collection law of* 1799, *vol.* 4. *p.* 388. because the goods were not " invoiced according to the actual cost thereof, at the place of exportation," with design to evade part of the duties.

<div style="text-align:right; font-size:smaller">

The law punishes the attempt, not the *intention* to defraud the revenue by false invoices.

A doubt concerning the construction of a law may be good ground for seizure, and authorize a certificate of *probable cause.*
</div>

The goods were consigned by a merchant of Liverpool, in England, to Mr. Riddle, at Alexandria, for sale, accompanied by two invoices; one charging them at 67*l.* 5*s.* 6*d.* the other at 132*l.* 14*s.* 9*d.* with directions to enter them by the small invoice, and sell them by the larger. Mr. Riddle delivered both invoices and all the letters and papers to the collector, and offered to enter the goods in such manner as he should direct. The collector informed him that he must enter them by the larger invoice, which he did. But the collector seized them as forfeited under the 66th section of the collection law of 1799, which enacts, " that if any goods, wares or merchandise, of which entry shall have been made in the office of a collector, shall not be invoiced according to the actual cost thereof at the place of exportation, with design to evade the duties thereupon, or any part thereof, all such goods," &c. " shall be forfeited." The same section contains a provision for the appraisement of the goods by two merchants in case the collector shall suspect that the goods are not invoiced at a sum equal to *that at which they have been usually sold in the place from whence they were imported,* with a pro·

THE U. S.  viso that such appraisement should not, upon the trial,
v.  be conclusive evidence of the *actual and real cost*
RIDDLE.  of the said goods at the place of exportation.

*Rodney, Attorney-General for the United States,*
contended, that as the goods were invoiced lower
than their actual cost, with intent to defraud the
revenue, they were not invoiced *according* to their
actual cost with the like intent; and the goods
having been actually entered, although not by the
fraudulent invoice, they were within the letter of
the law, and ought to be condemned. Besides, it
does not appear that the higher invoice was accord-
ing to the actual cost.

*Swann,* contra.

The lower invoice was probably what the goods
cost the consignor, who manufactured them. The
higher invoice was what such goods were then
selling for at that place.

But even if a fraud was contemplated, it was not
carried into effect. No entry was made, nor *at-
tempted* to be made by the consignee, upon the *false*
invoice. It was made upon the true invoice, and in
conformity with the directions of the collector.

In this case we hope there will be no certificate
of probable cause. The conduct of the consignee
has been fair and honourable in every respect. A
doubt concerning the construction of a law is not
" a reasonable cause of seizure."

MARSHALL, Ch. J. delivered the opinion of the
court to the following effect:

The court thinks this case too plain to admit of
argument, or to require deliberation. It is not
within even the *letter* of the law, and it is certainly
not within its *spirit.* The law did not intend to
punish the *intention,* but the *attempt* to defraud the
revenue.

But as the construction of the law was liable to some question, the court will suffer the certificate of probable cause to remain as it is. A doubt as to the true construction of the *law* is as reasonable a cause for seizure as a doubt respecting the fact.