STATE OF MAINE *vs.* NICHOLAS STAPLES.

York. Opinion March 3, 1913.

*Application. Complaint. Fines. License. Intent. Nursery Stock. Offering for sale. Penal statute. Punishable. Public Laws, 1907, Chapter 15, Section 6. Public Laws, 1911, Chapter 84, Section 3. Public Laws, 1911, Chapter 84, Section 1, Chapter 176, Section 3. Selling. Violation.*

1.  Under Section 6 of Chapter 15 of the Public Laws of 1907, as amended by Section 3 of Chapter 176 of the Public Laws of 1911, which forbids the sale of nursery stock, without a license, by agents or other parties, except growers, the act of soliciting and taking an order for nursery stock by an agent to be filled by the principal at his option is not a sale.
2.  The act of selling, or offering for sale is not in terms prohibited.
3.  A wish to sell may or may not rise to the grade of an intent, but an intent harbored in the mind is not punishable, and, even if expressed, unless the words employed are libelous, seditious, obscene or provocative of breaches of the peace is not the subject of penal judicial action.

4. The agent having no nursery stock with him, there could be no change of property from respondents principal to the person giving the order.

On report. Complaint dismissed.

This was a complaint and warrant against the respondent Nicholas Staples, of Kennebunk, in the county of York, before the municipal court of the city of Biddeford, in said county, for selling certain nursery stock, without a license, as agent, and not being then and there a grower of nursery stock. The respondent was duly arraigned before said court and pleaded that he was not guilty and thereupon was found guilty and fined ten dollars. The respondent appealed from said sentence to the Supreme Judicial Court then next to be holden at Alfred, in said county, on the third Tuesday of September, A. D. 1912. At said term of the Supreme Judicial Court, the case was reported upon an agreed statement of facts to the Law Court for decision.

The case is stated in the opinion.

*Nathaniel B. Walker,* county attorney, for the State.

*F. Thaxter, Roscoe T. Holt, and McGuire & Wood,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

BIRD, J. The complaint in this case charges respondent with selling nursery stock at, and to an inhabitant of, Kennebunk in York County, the respondent not being at the time of the sale either a grower of, or licensed to sell, such stock. The complaint is brought under C. 15, Sec. 6 of the Public Laws of 1907, as amended by Public Laws, 1909, C. 34, Sec. 3 and 1911, C. 84, Sec. 1 and C. 176, Sec. 3. The respondent, pleading not guilty and waiving hearing, was found guilty and sentenced to pay a fine by the municipal court of Biddeford. From this judgment he duly appealed to the Supreme Judicial Court for the county and the case is now here upon report on agreed statement of facts.

The last amendment of Section 6 of Chapter 15 of the Public Laws of 1907, is as follows:

"Section 3. Section six of said chapter fifteen of the public laws of nineteen hundred and seven, as amended by section three of the public laws of nineteen hundred and nine is hereby amended by striking out the word 'entomologist," in the third and fifth lines of the first paragraph of said section, and substituting therefor the word 'horticulturist,' so that said paragraph shall read as follows:

" 'Section 6. Agents or other parties excepting growers who wish to sell nursery stock shall make an application for an agent's license and shall file with the state horticulturist the names and addresses of nurseries or parties from which they purchase their stock. On receipt of such application the state horticulturist shall issue an agent's license valid for one year in such form and with such provisions as the commissioner of agriculture may prescribe. Such license may be revoked at any time for failure to report names and addresses of nurseries from which stock is purchased or for such other causes as may in the opinion of the commissioner of agriculture be deemed sufficient. Any violation of this requirement shall be fined not less than ten nor more than fifty dollars for such offence.' " Public Laws, 1911, C. 176.

It is difficult to ascertain what act, done by others than those who have applied for or obtained a license, is denounced by this section as amended, for the violation of which the sanction of a fine is annexed. The act of selling, or offering for sale, is not in terms prohibited. A wish to sell may or may not rise to the grade of an intent, but an intent harbored in the mind is not punishable and, even if expressed, unless the words employed are libellous, seditious, obscene or provocative of breaches of the peace, is not the subject of penal judicial action: *U. S.* v. *Riddle,* 5 Cranch 311, 312; 1 Whart. Cr. Law, Sec. 174. It is only by inference or implication that it can be pretended that the act of selling, without a license with which respondent is charged in the complaint, was intended to be forbidden by the Legislature. *State* v. *Bunker,* 98 Maine, 387, 389. As a penal statute, the section must be strictly construed.

But even, if it be assumed that the selling of nursery stock without a license is made penal by the section in question, we think the facts agreed do not render the respondent amenable. He at most made an offer to take, or solicited, and received, an order for nursery stock. It is clear that he had no nursery stock with him.

It cannot be contended that here was a transmutation of property from respondent's principal to the person giving the order.  2 Bl. Comm., 446; see *Com.* v. *Farnum,* 114 Mass., 267, 271; *State* v. *Wells,* 69 N. H., 424, 425.  In *State* v. *Montgomery,* a prosecution under a former Hawkers' and Peddlers' Act, the court says: "Unless he had the goods with him, he cannot expose them for sale; he cannot sell them within the meaning of the statute."  92 Maine, 433, 439, 440.  If this construction of Section 6, as amended, needs further support, it is found in its provision requiring the filing of the names and addresses of the nurseries or parties from whom the "agent or other parties"   .   .   .   "purchase their stock," the stock for which the order was taken in the case under consideration being the property of the principal to which respondent had no title by purchase or otherwise.

<div align="right">

*Complaint dismissed.*