**Dale Renee BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 890–96.**

Court of Criminal Appeals of Texas.

Sept. 11, 1996.

John Donahue, Houston, for appellant.

S. Elaine Roch, Assistant District Attorney, Houston, Matthew Paul, State's Atty., Austin, for the State.

### *OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

A jury convicted Appellant of possession of cocaine and assessed his punishment at confinement for twenty-five years. The conviction was affirmed. *Bell v. State,* 1996 WL 233736 (Tex.App.—Houston [14th Dist.], No. 14–94–00952–CR, delivered May 9, 1996).

On direct appeal, Appellant claimed that the verdict of guilt was so against the great weight and preponderance of the evidence to render it manifestly unjust. At the time of its opinion, this Court's opinion in *Clewis v. State,* 922 S.W.2d 126 (Tex.Cr.App.1996) had been handed down but was not yet final, as rehearing was pending. The Court of Appeals refused to conduct a factual sufficiency review because the mandate had not yet issued in *Clewis.* Appellant challenges the Court of Appeals' refusal to conduct a factual sufficiency review of the evidence in ground two of his petition for discretionary review.

Our opinion in *Clewis,* in which we held that Article V, § 6 of the Texas Constitution grants the courts of appeals authority to review the factual sufficiency of the evidence, is now final and binding on the courts of appeals. Accordingly, we grant ground two of Appellant's petition, vacate the judgment of the Court of Appeals, and remand to that court to address Appellant's point of error in accord with our opinion in *Clewis,* supra. Appellant's remaining ground for review is refused.