ACCEPTED
01-12-01001-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/31/2015 10:33:11 AM
CHRISTOPHER PRINE
CLERK

# No. 01-12-01001-CR

In the
Court of Appeals
For the
First District of Texas
At Houston

─────────◆─────────

**No. 1309538**
In the 339th District Court
Of Harris County, Texas

─────────◆─────────

# ANTONIO RUIZ PEREZ

*Appellant*
V.

# THE STATE OF TEXAS

*Appellee*

─────────◆─────────

# STATE'S FURTHER MOTION FOR REHEARING

─────────◆─────────

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/31/2015 10:33:11 AM

CHRISTOPHER A. PRINE
Clerk

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
TBC No. 796910

**NATHAN MOSS**
Assistant District Attorney
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas 77002
Tel: (713) 755-5826
FAX: (713) 755-5809

*Counsel for Appellee*

ORAL ARGUMENT NOT REQUESTED

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39, the State does not request oral argument because the error is simple to understand and correct.

## IDENTIFICATION OF THE PARTIES

Counsel for the State:

**Devon Anderson —** District Attorney of Harris County

**Eric Kugler** — Assistant District Attorney on appeal

**Nathan Moss; James Reed** — Assistant District Attorneys at trial

Appellant or criminal defendant:

**Antonio Ruiz Perez**

Counsel for Appellant:

**Joseph Salhab —** Counsel on appeal

**Jon Jaworski** — Counsel at trial

Trial Judge:

**Hon. J. Michael Wilkinson** — Presiding Judge

i

# TABLE OF CONTENTS

Page

STATEMENT REGARDING ORAL ARGUMENT ...............................................i

IDENTIFICATION OF THE PARTIES ...................................................i

INDEX OF AUTHORITIES........................................................... iii

STATEMENT OF THE CASE...............................................................1

STATEMENT OF FACTS ................................................................1

STATE'S FIRST ISSUE ON REHEARING..........................................3

This Court erred in reversing the conviction based on *State v. Villarreal*, PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), because the Court of Criminal Appeals has granted rehearing in that case. ...........................3

STATE'S SECOND ISSUE ON REHEARING .......................................4

This Court erred in finding a constitutional violation in the blood draw when the officer made a reasonable mistake of law under *Heien v. N. Carolina*, 135 S. Ct. 530 (U.S. 2014). ...............................................................4

CONCLUSION ......................................................................8

CERTIFICATE OF SERVICE AND COMPLIANCE ...........................................9

# INDEX OF AUTHORITIES

**CASES**

*Aviles v. State*,
385 S.W.3d 110 (Tex. App.—
San Antonio 2012, pet. ref'd)..................................................................................6, 7

*Beeman v. State*,
86 S.W.3d 613 (Tex. Crim. App. 2002)..................................................................6, 7

*Bell v. State*,
928 S.W.2d 566 (Tex. Crim. App. 1996)...................................................................3

*Evans v. State*,
14-13-00642-CR, 2015 WL 545702 (Tex. App.—
Houston [14th Dist.] Feb. 10, 2015, no. pet. h.) .......................................................6

*Gore v. State*,
451 S.W.3d 182 (Tex. App.—
Houston [1st Dist.] 2014, pet. filed)......................................................................5, 7

*Heien v. North Carolina*,
135 S.Ct. 530 (2014) .............................................................................................4, 7

*Missouri v. McNeely*,
133 S.Ct. 1552 (2013) ...............................................................................................5

*Perez v. State*,
01-12-01001-CR, 2014 WL 943126 (Tex. App.—
Houston [1st Dist.] Mar. 11, 2014, no pet.) ...............................................................1

*Perez v. State*,
01-12-01001-CR, 2015 WL 1245469 (Tex. App.—
Houston [1st Dist.] Mar. 17, 2015, no. pet. h.) ......................................................1, 3

*State v. Neesley*,
239 S.W.3d 780 (Tex. Crim. App. 2007).................................................................6, 7

*State v. Villarreal*,
PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014).......................3

*United States v. Riddle*,
5 Cranch 311, 3 L.Ed. 110 (1809)...........................................................................4

**STATUTES**

TEX. TRANSP. CODE § 724.012(b) (West 2010) ......................................................5

TEX. TRANSP. CODE § 724.012(b)(3)(A) (West 2010) .............................................5

TEX. TRANSP. CODE § 724.012(b)(3)(B) (West 2010) .............................................7

**RULES**

TEX. R. APP. P. 39.................................................................................................. i

TEX. R. APP. P. 49.1 ..............................................................................................1

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The appellant was charged with driving while intoxicated as a third offender (CR – 10). A jury found him guilty, and the trial court thereafter assessed punishment at 25 years in prison (CR – 309, 313). This Court originally affirmed the conviction. *Perez v. State*, 01-12-01001-CR, 2014 WL 943126 (Tex. App.—Houston [1st Dist.] Mar. 11, 2014, no pet.). But the appellant filed a motion for rehearing, and this Court requested additional briefing from the parties. This Court gave the State twenty days from the date of the appellant's supplemental briefing, but the appellant did not file a supplemental brief prior to this Court's opinion on rehearing, which reversed the conviction on March 17, 2015. *Perez v. State*, 01-12-01001-CR, 2015 WL 1245469, at *1 (Tex. App.—Houston [1st Dist.] Mar. 17, 2015, no. pet. h.). This further motion for rehearing is timely if filed on or before April 1. TEX. R. APP. P. 49.5.

## STATEMENT OF FACTS

At around 11:52 p.m. on June 10, 2011, Brian McCandless with the Humble Police Department was on patrol on Highway 59 when he saw a red Corvette weaving through the lanes on the highway (RR. V – 22-24, 66) (St. Ex. 7). He

followed the vehicle for a couple of miles, and observed that it continually swerved within its lane, which is a sign of intoxication (RR. V – 25-26). McCandless turned on his emergency equipment to stop the Corvette, which exited the highway at Greens Road and then stopped in a moving lane of traffic (RR. V – 32-33, 35, 41) (St. Ex. 6).

McCandless walked up to the Corvette, saw that the appellant was driving, and noticed a strong odor of alcohol coming from the vehicle (RR. V – 42). The appellant admitted to drinking starting at 7:00 p.m., but he could not remember how many drinks he had ingested (RR. V – 43, 54-55). The officer administered the horizontal gaze nystagmus (HGN) test to the appellant, and the appellant showed signs of intoxication (RR. V – 44-48). McCandless believed that the appellant was intoxicated, so he took the appellant to a safer environment in order to conduct additional sobriety testing (RR. V – 48-49). But the appellant refused to perform any additional tests (RR. V – 52). He also refused to provide a breath specimen, which lead to a suspension of his license (RR. V – 64-65) (St. Ex. 7).

Officer McCandless asked his dispatch for the appellant's criminal history, and he was able to verify from a credible and reliable source that the appellant had at least two prior DWI convictions (RR. V – 66, 81) (St. Ex. 11). Therefore, the officer was required to obtain a specimen from the appellant in order to determine his level of intoxication (RR. V – 85-87). Blood was drawn from the appellant at a

hospital at 1:20 a.m. on June 11, and testing of it revealed that his blood-alcohol level was 0.17, more than twice the legal limit (RR. V – 162-163) (St. Ex. 10).

## STATE'S FIRST ISSUE ON REHEARING

**This Court erred in reversing the conviction based on *State v. Villarreal*, PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), because the Court of Criminal Appeals has granted rehearing in that case.**

In its opinion on rehearing, this Court relied primarily upon *State v. Villarreal*, PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), for the proposition that the warrantless taking of the appellant's blood sample violated his Fourth Amendment rights. *Perez*, 2015 WL 1245469, at *6. But the Court of Criminal Appeals has granted rehearing in that case, which was decided by a five to four vote. Furthermore, three of the five judges in the *Villarreal* majority have since left the Court of Criminal Appeals. Therefore, because *Villarreal* guided so much of this Court's most recent decision in this case, this Court should withdraw that opinion at least until the issue of *Villarreal*'s rehearing is resolved. *See, e.g., Bell v. State*, 928 S.W.2d 566 (Tex. Crim. App. 1996) ("At the time of its opinion, this Court's opinion in *Clewis*…had been handed down but was *not yet final*, as rehearing was pending.") (emphasis added).

3

## STATE'S SECOND ISSUE ON REHEARING

**This Court erred in finding a constitutional violation in the blood draw when the officer made a reasonable mistake of law under *Heien v. N. Carolina*, 135 S. Ct. 530 (U.S. 2014).**

In *Heien v. North Carolina*, 135 S.Ct. 530 (2014), a police officer pulled over a vehicle because one brake light was out on that vehicle and he believed the statute at issue required two working brake lights. *Id.*, 135 S.Ct. at 534. During a subsequent search based on the suspicious behavior of the occupants, the officer found cocaine in the vehicle. *Id.* The trial court denied the appellant's motion to suppress, but the North Carolina Court of Appeals reversed, holding that the statute only required one working brake light. *Id.*

The United States Supreme Court granted review and held in an eight-to-one majority opinion that the search was reasonable because suspicion can be based on a reasonable mistake of law as well as a reasonable mistake of fact. *Id.*, 135 S.Ct. at 536. The Court traced this principal back to the earliest days of the Court when Justice Marshall declared "A doubt as to the true construction of the law is as reasonable a cause for seizure as a doubt respecting the fact." *United States v. Riddle*, 5 Cranch 311, 313, 3 L.Ed. 110 (1809). The concurring opinion clarified that the law at issue must be so doubtful in construction "that a reasonable judge could agree with the officer's view." *Heien*, 135 S.Ct. at 541 (Kagan, J., concurring).

4

In the present case, numerous reasonable judges have agreed with Officer McCandless's interpretation of the statute at issue. Section 724.012 of the Transportation Code provides in part that a "peace officer *shall require* the taking of a specimen of the person's breath or blood under any of the following circumstances if the officer arrests the person for [DWI] and the person refuses the officer's request to submit to the taking of a specimen voluntarily." TEX. TRANSP. CODE § 724.012(b) (West 2010) (emphasis added). One of the enumerated circumstances is having two prior DWI convictions. TEX. TRANSP. CODE § 724.012(b)(3)(A) (West 2010). But the text of the statute does not independently *allow* for the taking of a blood sample. Rather, it simply *requires* the taking of a sample in certain enumerated instances. In light of *Missouri v. McNeely*, 133 S.Ct. 1552, 1558 (2013), the officer is still required to obtain the sample through constitutionally permissible means. *Gore v. State*, 451 S.W.3d 182, 189 (Tex. App.—Houston [1st Dist.] 2014, pet. filed) ("While the statute does make a blood draw without consent mandatory in certain circumstances, it does not mandate a blood draw without a warrant.").

In the present case, Officer McCandless apparently believed that Section 724.012 allowed him to obtain the blood sample without a search warrant. Thus, he was operating under a mistake of law when he obtained the sample without a search warrant or a recognized exception to a search warrant. Nevertheless, it was

a reasonable mistake of law because many reasonable judges have interpreted Section 724.012 as a sufficient independent authorization for obtaining a sample. *See Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002) ("implied consent statutes do not prevent the State from obtaining evidence by alternative constitutional means"); *State v. Neesley*, 239 S.W.3d 780, 786 (Tex. Crim. App. 2007) ("We hold that in cases which satisfy the conditions for mandatory taking of a specimen under § 724.012(b), a peace officer is required to take one specimen of breath or blood *and is permitted* to take no more than one specimen) (emphasis added); *Aviles v. State*, 385 S.W.3d 110, 116 (Tex. App.—San Antonio 2012, pet. ref'd), *vacated*, 134 S.Ct. 902 (2014) ("the warrantless seizure of Aviles's blood was conducted according to the prescriptions of the Transportation Code, and without violating Aviles's Fourth Amendment rights."). Therefore, under *Heien*, the search in the present case was reasonable and should have been upheld by this Court.

In *Evans v. State*, 14-13-00642-CR, 2015 WL 545702 (Tex. App.—Houston [14th Dist.] Feb. 10, 2015, no. pet. h.) (not designated for publication), a sister court of appeals rejected a similar argument because the officer in that case took the blood sample "in accordance with the exact language of the mandatory blood draw provision. Because Trooper Robinson did not misinterpret the statute, there can be no mistake of law defense." *Id.*, 2015 WL 545702 at *4 n.5. But the *Evans*

6

court misstated the relevant statute. The *Evans* court stated that the "implied consent statute does not authorize a blood draw, without [] consent, unless the mandatory blood draw provisions of Section 724.012(b) are implicated." *Id.*, 2015 WL 545702 at *4. But the text of Section 724.012(b) does not authorize anything. It requires the taking of a sample, but says nothing about the authority to take it. TEX. TRANSP. CODE § 724.012(b)(3)(B) (West 2010). Moreover, such a view of Section 724.013(b) flies in the face of this Court's holding that "While the statute does make a blood draw without consent mandatory in certain circumstances, it does not mandate a blood draw without a warrant." *Gore*, 451 S.W.3d at 189. Therefore, *Evans* was based on a faulty reading of the statute, and its conclusion is invalid.

The trial court did not abuse its discretion in denying the appellant's motion to suppress because Officer McCandless was operating under a reasonable mistake of the law when he obtained the appellant's blood sample. *See Heien*, 135 S.Ct. 530; *see also Beeman*, 86 S.W.3d at 616; *Neesley*, 239 S.W.3d at 786; *Aviles*, 385 S.W.3d at 116. Therefore, the trial court's decision should have been affirmed by this Court, and the State's motion for further rehearing should be granted.

## CONCLUSION

It is respectfully submitted that all things are regular and the judgment should be affirmed. This Court gave the State twenty days from the date of the appellant's supplemental briefing on rehearing, but the appellant did not file a supplemental brief prior to this Court's opinion on rehearing, which reversed the conviction. Therefore, this Court should grant the State's further motion for rehearing and affirm the conviction based on the officer's reasonable mistake of law under *Heien*. In alternative, this Court should withdraw the opinion on rehearing, which was based in large part on *Villarreal*, at least until the Court of Criminal Appeals resolves the motion for rehearing that was granted in that case.

**DEVON ANDERSON**
District Attorney
Harris County, Texas

/s/ Eric Kugler
**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
kugler_eric@dao.hctx.net
TBC No. 796910

8

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that: (a) the word count function of the computer program used to prepare this document reports that there are 2,390 words in it; and (b) a copy of the foregoing instrument will be served by efile.txcourts.gov to:

Joseph Salhab
Attorney at Law
2028 Buffalo Terrace
Houston, Texas  77019
josephsalhab@mindspring.com

/s/ Eric Kugler
**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002-1923
(713) 755-5826
TBC No. 796910

Date:  March 31, 2015