*Norton v. Town of Islip*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty-three.

PRESENT:
> **DENNY CHIN,**
> **MICHAEL H. PARK,**
> *Circuit Judges,*
> **ANNE M. NARDACCI,**
> *District Judge.*[*]

_____

Howard J. Norton,

     *Plaintiff-Appellant,*

     v.                        22-2797

Town of Islip, County of Suffolk, Joanne Huml, Ronald P. Stabile, Jr.,

     *Defendants-Appellees.*[†]

_____

FOR PLAINTIFF-APPELLANT:         Andrew Costello, Leeds Brown Law, P.C., Carle Place, NY.

---

[*] Judge Anne M. Nardacci, of the United States District Court for the Northern District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the caption accordingly.

**FOR DEFENDANTS-APPELLEES:** Judah Serfaty, Edward M. Ross, Rosenberg Calica & Birney LLP, Garden City, NY, *for Joanne Huml and Ronald P. Stabile, Jr.*

Jordan L. Lite, Town of Islip, Islip, NY, *for Town of Islip.*

Arlene S. Zwilling, Suffolk Cnty. Dep't of Law, Hauppauge, NY, *for County of Suffolk.*

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

The Town of Islip prosecuted Plaintiff-Appellant Howard Norton for a zoning code violation in 1997. In response, Norton argued in federal court that Islip had violated the Due Process Clause by terminating his property's "legal nonconforming use" without sufficient notice. Norton won, and the criminal case was dismissed. Then Norton brought claims against the Town, Suffolk County, and various officials for malicious prosecution. His case is now nearly twenty years old. What remained of his case before the district court in September 2022 were (1) state-law malicious prosecution claims against two individual defendants—Town Investigator Ronald Stabile and Assistant Town Attorney Joanne Huml—and (2) *Monell* claims against the Town of Islip and Suffolk County. The district court granted summary judgment to Defendants on all of Norton's remaining claims. He now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review a district court's grant of summary judgment de novo. *See Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016). Evidence is construed "in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Id*. This Court may affirm on any grounds "for which there is a record sufficient to permit conclusions of law, including grounds not relied upon by the district court." *See, e.g.*, *Olsen v. Pratt & Whitney Aircraft*, 136 F.3d 273, 275 (2d Cir. 1998) (cleaned up).

## I.      Probable Cause in Light of *Heien v. North Carolina*

To state a claim for malicious prosecution, under either state law or 42 U.S.C. § 1983, Norton must show (1) "the commencement or continuation of a criminal proceeding against [him]," (2) "the termination of the proceeding in [his] favor," (3) the absence of probable cause, and (4) "that the proceeding was instituted with malice." *Mitchell*, 841 F.3d at 79; *see also Thompson v. Clark*, 142 S. Ct. 1332, 1338 (2022). Thus, probable cause defeats a claim for malicious prosecution. *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003).

An official has probable cause when he has "knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). Probable cause may be based on reasonable mistakes of fact or law, so long as those mistakes are "objectively reasonable." *Heien v. North Carolina*, 574 U.S. 54, 66-67 (2014); *People v. Guthrie*, 25 N.Y.3d 130, 136 (2015). In this context, a mistake of law is "objectively reasonable" if "the law at issue is so doubtful in construction that a reasonable judge could agree with the [mistaken] view." *United States v. Diaz*, 854 F.3d 197, 203-04 (2d Cir. 2017). Probable cause is a mixed question of law and fact. *See, e.g.*, *United*

3

*States v. Singletary*, 798 F.3d 55, 59 (2d Cir. 2015). But "where there is no dispute as to what facts were relied on to demonstrate probable cause, the existence of probable cause is a question of law for the court." *Walczyk v. Rio*, 496 F.3d 139, 157 (2d Cir. 2007).

Here, the undisputed facts are sufficient to conclude that the individual defendants had probable cause to prosecute Norton in 1997. In 2010, it was undisputed that:

> [T]he individual defendants were confronted with two items of information at the time they chose to prosecute plaintiff. First, the individual defendants had the Department Copy Certificate—the unsigned and undated certificate of occupancy marked "DEPT. COPY"—that contained notations explaining that the house's legal nonconforming use had been "lost." Second, a Town investigator had visited the house to confirm that it was being used as a two-family dwelling.

378 F. App'x 85, 88 (2d Cir. 2010). No changes to the record since then have created a genuine dispute drawing these facts into question. *See Norton v. Town of Islip*, No. 04-cv-03079 (E.D.N.Y. Sept. 28, 2022). It is undisputed that the individual defendants relied on an unsigned and undated copy of Norton's certificate of occupancy in prosecuting him (the "unofficial C/O"). *See* Local Rule 56.1 Counterstatement at 33-35, 38-43, *Norton v. Town of Islip*, No. 04-cv-03079 (E.D.N.Y. Sept. 28, 2022), ECF No. 324.1. And it is undisputed that this unsigned and undated copy contained language about Norton's legal nonconforming use having been "lost." *Id.*

It was a reasonable mistake of law to think that Norton's nonconforming use had terminated by operation of law under Islip Town Code § 68-15. The Town Code's plain text provides that "discontinuance" terminates a nonconforming use exemption, with no mention of action by town officials. *See Norton v. Town of Islip*, 239 F. Supp. 2d 264, 267 (E.D.N.Y. 2003)

4

(quoting Islip Town Code § 68-15). A district court held otherwise only after construing § 68-15 in light of another provision, § 68-20 (requiring that C/Os "shall constitute presumptive use in any action or proceeding brought under this ordinance"), and invoking the canon of constitutional avoidance. *Id.* at 270. That court's statutory analysis was "hard interpretive work." *Heien*, 574 U.S. at 541 (Kagan, *J.*, concurring). Thus, to the extent that the individual defendants mistakenly relied on the unofficial C/O to conclude that Norton's legal nonconforming use had terminated by operation of law, they would nevertheless have had probable cause to conclude that Norton had violated the Town Code.

Such a reasonable mistake of law is sufficient to establish probable cause, but it is not necessary. In prosecuting Norton, the individual defendants believed the unofficial C/O to be a "true copy" of the "last-issued" C/O.[1] *See, e.g.*, Stabile Declaration ¶¶ 4-6, No. 04-cv-03079 (E.D.N.Y. Sept. 28, 2022), ECF No. 323.9; Huml Declaration ¶ 5, No. 04-cv-03079 (E.D.N.Y. Sept. 28, 2022), ECF No. 323.9. Though mistaken, that belief was reasonable, regardless whether the individual defendants believed Norton's legal nonconforming use terminated by operation of law or by some prior determination of the Building Department.

Norton's challenges to this analysis are unavailing. First, *Heien* and its progeny are not cabined to suppression motions or to situations involving urgent decisionmaking. "The ultimate touchstone of the Fourth Amendment is reasonableness. . . . We have recognized that searches and seizures based on mistakes of fact can be reasonable. . . . But reasonable men make mistakes of

---

[1] Though Norton makes allegations to the contrary, "conclusory allegations, conjecture, and speculation, as well as the existence of a mere scintilla of evidence in support of the nonmoving party's position, are insufficient to create a genuinely disputed fact." *Hayes v. Dahlke*, 976 F.3d 259, 267-68 (2d Cir. 2020) (cleaned up).

law, too, and such mistakes are no less compatible with the concept of [probable cause]." *Heien*, 574 U.S. at 61 (cleaned up). To hold that mistakes of law can support probable cause only on suppression motions or when an official faces an "urgent decision" would be inconsistent with *Heien*'s broad reasoning.[2]

Second, Norton claims that any mistake of law cannot have been "objectively reasonable" because a New York court "had ruled on this *specific statute* as it applies to this *specific person* and to this *specific Property* and had given clear guidance thereon long before Norton was criminally charged." Appellant's Br. at 28. This argument is without merit. Although the 1989 New York Supreme Court decision upon which Norton relies dealt with Norton's property, it did not settle whether Norton's legal nonconforming use had been terminated. *See Norton v. Rutkoske*, No. 88-15234 (N.Y. Sup. Ct. Feb. 27, 1989).[3]

Finally, Norton claims that, even if probable cause existed when Defendants first prosecuted him, that probable cause dissipated when they realized the prosecution was based on an unsigned and undated C/O. The fact that they reissued Norton a signed copy of the C/O,

---

[2] Indeed, in *Heien*, the Court relied on *United States v. Riddle*, in which a customs inspector wrongly seized goods based on a reasonable mistake of law and, thus, was entitled to indemnification for a damages suit because there existed probable cause for the seizure. 9 U.S. (5 Cranch) 311 (1809). Customs seizures are neither an "urgent decision" nor subject to suppression motions.

[3] Norton's suit was premature and, thus, the state court lacked jurisdiction to hear the case. While the rest of the 1989 opinion is perhaps best understood as dicta, it would cut against Norton in any event. The trial court wrote that the town officials, "having been made aware of the fire on the premises, the interruption of tenancy thereafter, the subsequent alterations and/or repairs, that no rental permit had ever been obtained even though the requirement therefore existed since 1965, and that no permit or license of any kind had ever been obtained for any work done on the property, were justified in not granting the application for the [rental] permit." *Norton v. Rutkoske*, No. 88-15234, at 7 (N.Y. Sup. Ct. Feb. 27, 1989). Moreover, the court appeared at times to assume that Norton's legal nonconforming use had been terminated and that he would need to appeal to the Zoning Board of Appeals if he wanted it reinstated. *See id.* at 7.

however, does not change our reasoning. The individual defendants considered the October 1997 C/O merely a "certified copy" of what they already believed was the "last-issued" C/O. *See Norton*, 239 F. Supp. 2d at 268.

Because the individual defendants had probable cause to charge Norton with violating the Town Code, the district court properly dismissed his remaining malicious prosecution claims.

**II.    Claims Against the Town of Islip and Suffolk County**

The district court dismissed Norton's claims against the Town of Islip and Suffolk County because *Monell* claims cannot survive "without an underlying constitutional violation." *Norton v. Town of Islip*, No. 04-cv-03079, at 20 n.7 (E.D.N.Y. Sept. 28, 2022) (citing *Monell v. Dep't Soc. Servs.*, 436 U.S. 658 (1978)). Norton maintains this is wrong and that he can pursue his *Monell* claims even if the individual defendants had probable cause to prosecute him.

But Norton has waived this argument. The parties agreed before the district court that, "if . . . the Individual Defendants had probable cause to prosecute Plaintiff, all of Plaintiff's remaining claims would necessarily need to be dismissed." *Norton v. Town of Islip*, No. 04-cv-03079, at 11 (E.D.N.Y. Sept. 28, 2022).

In any event, Norton's argument is incorrect. "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Anilao v. Spota*, 27 F.4th 855, 873-74 (2d Cir. 2022) (quoting *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)). "In other words, a *Monell* claim cannot succeed without an independent constitutional violation." *Id.* at 874.

7

The district court properly rejected Norton's malicious prosecution claims.   Without them, he no longer advances *any* independent claim that his constitutional rights have been violated.   He thus cannot maintain a *Monell* claim either.

*       *       *

We have considered all of Norton's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8